649 So.2d 1256 (1994)
Tracy Alan HANSEN
v.
STATE of Mississippi.
No. 94-DP-00215.
Supreme Court of Mississippi.
October 13, 1994.
Rehearing Denied March 9, 1995.
James W. Craig, Jane E. Tucker, Andre de Gruy, Jackson, Deirdre M. Enright, Robert E. Lee, Jr., Richmond, VA, James S. Brady, Miller Johnson Snell & Cummiskey, Grand Rapids, MI, for appellant.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.

ON APPLICATION FOR LEAVE TO FILE MOTION TO VACATE JUDGMENT AND DEATH SENTENCE AND MOTION TO VACATE JUDGMENT AND DEATH SENTENCE
HAWKINS, Chief Justice, for the Court:

I.
Tracy Hansen is before this Court asking that his death sentence be vacated and that a *1257 new sentencing hearing be ordered.[1] Imposition of that sentence is stayed pending disposition of this post conviction relief action. In an "Application for Leave to File Motion to Vacate Judgment and Death Sentence and Motion to Vacate Judgment and Death Sentence" filed under the Mississippi Uniform Post Conviction Collateral Relief Act ("PCR Act"),[2] he claims these infractions singly and collectively denied him a fair trial:
1. HANSEN WAS SENTENCED TO DIE BY LETHAL GAS, IN VIOLATION OF MISSISSIPPI CODE 99-19-51(1)
2. INEFFECTIVENESS OF COUNSEL AT SENTENCING
3. HANSEN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE GUILT PHASE OF HIS TRIAL
4. INEFFECTIVENESS OF APPELLATE COUNSEL
5. HANSEN'S RIGHT TO BE HEARD BY THE JURY, SECURED BY BOTH THE STATE AND FEDERAL CONSTITUTIONS, WAS VIOLATED AT HIS TRIAL
6. THE STATE'S SUPPRESSION OF THE RECORDED AND TRANSCRIBED STATEMENT OF BARBARA JEAN DUNCAN VIOLATED HANSEN'S RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS
7. THE CIRCUIT COURT'S REFUSAL TO ALLOW HANSEN TO VOIR DIRE POTENTIAL JURORS ON THEIR ABILITY TO CONSIDER AT SENTENCING FACTORS WHICH WOULD JUSTIFY A LIFE SENTENCE DEPRIVED HIM OF THE RIGHT TO AN IMPARTIAL JURY
8. TRACY HANSEN WAS DENIED THE ASSISTANCE OF A CONFLICT-FREE MENTAL HEALTH EXPERT
9. THE CONFLICT OF INTEREST BETWEEN TRACY HANSEN AND THE ATTORNEY FOR MR. HANSEN'S CO-DEFENDANT DEPRIVED HANSEN OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL
10. THE "ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL" AGGRAVATING FACTOR IS NOT CONSISTENTLY OR PROPERLY DEFINED IN THIS [STATE], IN VIOLATION OF THE EIGHTH AMENDMENT TO THE FEDERAL CONSTITUTION
11. HANSEN WAS DENIED A FAIR TRIAL BY THE PREJUDICIAL "MESSAGE" CONVEYED TO THE JURY BY THE PRESENCE OF UNIFORMED TROOPERS
12. THE CUMULATION OF ERROR IN THIS CASE REQUIRES REVERSAL
We have reviewed these issues and conclude:
Issue 1 has merit. Hansen was erroneously sentenced to death by "lethal gas" rather than death by "lethal injection," the manner of execution provided by law. Miss. Code Ann. § 99-19-51(1) (Supp. 1993).
Issues 2, 3 and 4 are without merit. Issues 5, 6, 8 and 9 were raised on direct appeal, therefore, they are barred by the doctrine of res judicata. Miss. Code Ann. *1258 § 99-39-21(3) (Supp. 1993). Issues 7, 10, 11 and 12 are raised for the first time in this application for post conviction relief, therefore, they are procedurally barred. Miss. Code Ann. § 99-39-21(1) (Supp. 1993).

II.
Hansen, a hard core convict of ten felonies within a ten year period in the State of Florida, shot Patrolman Bruce Ladner on April 10, 1987, during a consent search of the automobile Hansen was operating. Ladner had pulled the vehicle over for a speeding violation on Interstate 10 in Harrison County. Ladner died from two close ranged gunshot wounds to his back and neck inflicted by Hansen according to the testimony of eyewitnesses. Hansen and his girlfriend, Anita Krecic, fled the scene in Ladner's patrol car. When arrested, Ladner's .357 service revolver and a .38 caliber pistol were found in the stolen vehicle operated by Hansen in escape efforts.
Following Harrison County Grand Jury indictment, the case was tried in Hinds County when Hansen obtained change of venue based upon pretrial publicity. In a bifurcated trial, the Hinds County jury found Hansen guilty of capital murder and also found "beyond a reasonable doubt that the defendant should suffer the penalty of death."

III.

1. HANSEN WAS SENTENCED TO DIE BY LETHAL GAS, IN VIOLATION OF MISSISSIPPI CODE 99-19-51(1)
The circuit judge sentenced Hansen to death by "lethal injection," however, by clerical error, the sentencing order recited death by "lethal gas." The applicable law provides, in pertinent part:
[T]he manner of inflicting the punishment of death shall be by continuous intravenous administration of a lethal quantity of an ultra short-acting barbiturate or other similar drug in combination with a chemical paralytic agent until death is pronounced by a licensed physician according to accepted standards of medical practice.
Miss. Code Ann. § 99-19-51(1) (Supp. 1993).
Rule 6.01, Miss.Unif.Crim.R. of Cir.Ct. Prac., requires, in pertinent part:
The sentence shall be pronounced in open court, . .., in the presence of the defendant ... and recorded in the minutes of the court.
To correct this discrepancy, we remand the case to the Circuit Court of Harrison County for modification of the sentence to comply with Miss. Code Ann. § 99-19-51(1) (Supp. 1993).

IV.

2. INEFFECTIVENESS OF COUNSEL AT SENTENCING

3. HANSEN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE GUILT PHASE OF HIS TRIAL

4. INEFFECTIVENESS OF APPELLATE COUNSEL
The ineffective assistance of counsel claims directed at the guilt, sentencing and appellate phases of the trial are discussed collectively. Hansen has the burden of proving that his counsel's performance was deficient and prejudicial.
At the outset, defense counsel is presumed competent and the burden of proving otherwise rests on Hansen. He is not entitled constitutionally to errorless counsel. This Court has consistently applied the guidelines of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984):

Strickland tells us the benchmark inquiry is whether defense "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. at 2064. It is an attack on the "fundamental fairness of the proceeding." Id. at 697, 104 S.Ct. at 2070. The Court then held the "proper standard for attorney performance is that of reasonably effective assistance," and it was incumbent upon a defendant to show that *1259 "counsel's representation fell below an objective standard of reasonableness. More specific guidelines are not appropriate." Id. at 687-88, 104 S.Ct. at 2064. Also, "judicial scrutiny of counsel's performance must be highly deferential," and "every effort be made to eliminate the distorting effects of hindsight." Id. at 689, 104 S.Ct. at 2065. The Court must then determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." [Emphasis added] Id. at 690, 104 S.Ct. at 2066.
What then does `assistance of counsel' mean?
[I]t cannot mean there is a constitutional guaranty to a lawyer who in hindsight made no errors in defending the case.
... It must mean that a lawyer with some competence conscientiously represented the accused.
Johnson v. State, 511 So.2d 1333, 1339-40 (Miss. 1987).
Our inquiry under Strickland is twofold:
(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so
(2) Was Hansen prejudiced by such failure to meet that standard?
This same issue was raised and ruled without merit on direct appeal. Our finding in Hansen v. State, 592 So.2d 114, 153 (Miss. 1991) is controlling here:
In the case at hand, we find nothing suggesting the statutory limits on court-appointed counsel fees and expenses induced ineffective assistance of counsel. To the contrary, both below and here counsel have pulled out all the stops, well exceeding the Strickland standards. We find no error here. (Emphasis added.)
Again, we conclude there is no merit to these issues.

V.

10. THE "ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL" AGGRAVATING FACTOR IS NOT CONSISTENTLY OR PROPERLY DEFINED IN THIS [STATE], IN VIOLATION OF THE EIGHTH AMENDMENT TO THE FEDERAL CONSTITUTION
This issue challenges the sentencing instruction as further defined by another instruction. Following their determination that Hansen was guilty of capital murder, the jury was given this instruction at the sentencing phase of the trial:
You are further instructed that the term "heinous, atrocious, or cruel" as used in this instruction means those situations where the actual commission of the capital felony was accomplished by such additional acts to set the crime apart from the norm of capital felonies by the consciencelessness or pitilessness of the crime which is unnecessarily tortuous to the victim.
Hansen v. State, 592 So.2d 114, 151 (Miss. 1991).
This definitional instruction distinguishes this case from Clemons v. State, 593 So.2d 1004 (Miss. 1992), and its progeny. In those cases, there was no definitional instruction given to satisfy the "unconstitutionally vague `heinous, atrocious, or cruel' aggravating circumstance" instruction. On direct appeal, we found this issue without merit stating:
[T]he limiting instruction given the jury was in words what that Court in Clemons said was proper. It is consistent with the Court's later expression in Walton [v. Arizona, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990)] and [Lewis v.] Jeffers [497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)]. It refined and narrowed the aggravating circumstance of "heinous, atrocious or cruel" and channeled in a principled way the jury's sentencing discretion, excluding the arbitrary and the capricious to the extent reasonably practicable and has fairly facilitated proportionality review. There is no error here.
592 So.2d at 152; Conner v. State, 632 So.2d 1239, 1271 (Miss. 1993).
That holding is controlling here. There is no merit to this issue.

*1260 VI.
We remand to the Circuit Court of Harrison County for correction of the sentence to provide that the death penalty be executed "by continuous intravenous administration of a lethal quantity of an ultra short-acting barbiturate or other similar drug in combination with a chemical paralytic agent until death is pronounced by a licensed physician according to accepted standards of medical practice." Miss. Code Ann. § 99-19-51(1) (Supp. 1993). We affirm on all other issues.
AFFIRMED IN PART; REMANDED TO THE HARRISON COUNTY CIRCUIT COURT FOR MODIFICATION OF THE SENTENCE AS REQUIRED BY MISS. CODE ANN. § 99-19-51(1) (SUPP. 1993). REQUEST FOR ORAL ARGUMENT DENIED. PRO SE REQUEST TO BE INFORMED OF STATUS OF PRO SE MOTION TO BE HEARD DISMISSED AS MOOT.
LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.
ROBERTS, J., not participating.
NOTES
[1] On direct appeal, this Court affirmed the conviction and death sentence, and the United States Supreme Court denied review by certiorari. Hansen v. State, 592 So.2d 114 (Miss. 1991); Hansen v. Mississippi, ___ U.S. ___, 112 S.Ct. 1970, 118 L.Ed.2d 570 (1992); reh. denied, Hansen v. Mississippi, ___ U.S. ___, 112 S.Ct. 3060, 120 L.Ed.2d 924 (1992).
[2] The PCR Act became law on April 17, 1984, following passage by the legislature and approval by the Governor. The PCR Act purports "to revise, streamline and clarify existing post conviction collateral relief." Additionally, the PCR Act is "to provide prisoners with a procedure, limited in nature, to review those objections, defense, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." The PCR Act acknowledges "direct appeal shall be the principal means of reviewing all criminal convictions and sentences."