# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00064-SCT

*ROFRESCO YOUNG*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | NOVEMBER 2, 1994 |
| TRIAL JUDGE: | HON. JOHN HATCHER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This case comes before this Court from the denial of a Motion to Vacate and Set aside Judgment and Sentence in the Circuit Court of Bolivar County, Honorable John Hatcher, Circuit Court Judge, presiding. Rofresco Young pleaded guilty to being an accessory to murder as charged by criminal information on November 8, 1991. The information had been filed in the Circuit Court of the Second Judicial District of Bolivar County.

Young waived his right to trial on two counts of accessory to murder on November 8, 1991. He entered pleas of guilty to both counts on November 8, 1991. On December 12, 1991, the court sentenced Young to serve five years on Count I and five years on Count II, to be served consecutively.

Young filed a Motion to Vacate and Set Aside Judgment and Sentence on February 4, 1994. This motion was denied by the Circuit Court of Bolivar County, Second Judicial District, on November 2, 1994. Aggrieved, Young appeals to this Court raising the following issues:

**I. WHETHER THE TRIAL COURT ERRED IN SUMMARILY DISMISSING YOUNG'S POST-CONVICTION RELIEF MOTION CLAIMING THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

**II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING YOUNG AN EVIDENTIARY HEARING ON HIS POST-CONVICTION MOTION.**

## STATEMENT OF THE FACTS

On June 2, 1991, Rofresco Young assisted Bobby Lowery and Edward Undray Robinson with the intent of allowing Lowery and Robinson to avoid arrest, trial, conviction and punishment for the murders of Tyrone Horton and Terrell Bradley. Young entered a plea of guilty to two counts of being an accessory to murder on November 8, 1991. Young testified under oath before the court that he did commit the two crimes with which he was charged.

The trial judge instructed Young to listen very carefully while the Assistant District Attorney read the substance of the charges from the criminal information charging Young. The charges from the criminal information were then read in open court. The trial judge then asked Young if he understood the charges in Count I and II that had been brought against him. Young responded that he understood the charges and did commit the crimes for which he was charged.

The State was instructed to inform Young of any recommendation that it would make on the record and in the presence of Young. The State recommended that Young be sentenced to serve a term of five years on Count I and five years on Count II, with the sentences to be served consecutively. Young stated that he had not been told that he would receive a recommendation less than what the State announced in court. Young responded affirmatively when the trial judge asked if he knew the maximum sentence he could receive was five years on each count. Young knew that the court was not bound by the recommendation by the State.

Young was advised by the trial judge that if he entered a plea of guilty he would be giving up his right to a trial and an appeal to the Supreme Court of Mississippi. When asked if he understood, Young responded, "Yes, sir." When asked by the judge if he had been threatened or been promised anything in exchange for his guilty plea, Young said, "No, sir." The judge informed Young that he would not accept his plea of guilty if he claimed he was innocent. Young responded with, "Yes, sir."

Young was advised by the court that he had the right to a jury trial where all twelve jurors would have to vote guilty before he could be convicted. The court also informed Young that the State had to prove him guilty beyond a reasonable doubt, and the burden was on the State to so prove. Young responded to the judge that he understood. The judge then asked Young if he realized that he was giving up those rights by pleading guilty. Young stated that he did by saying, "Yes, sir" to the judge's question.

The judge continued to inform Young of his rights and attempted to ensure that he knew what rights

he was waiving by pleading guilty. The trial judge inquired of the defense counsel as to whether he had performed his duties by strictly adhering to the statutes and constitutions of the State of Mississippi and the United States. Defense counsel stated that he had.

The following exchange took place between Young and the court, which is the basis of Young's appeal.

> THE COURT: All right. Mr. Young, has your attorney told you to tell the truth in this hearing?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you told the truth in answering every question that I have asked you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with the services of your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has he threatened you in any manner or promised you anything in order to get you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you believe that your attorney has properly advised you, that is, given you good advice about entering this plea of guilty here at this time?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you believe that your lawyer has properly represented you at all stages of your case in which he has been involved?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I have attempted to question you thoroughly about your plea of guilty to be satisfied that you are fully acquainted with your rights and that your plea of guilty is knowingly, understandingly, freely and voluntarily made. Do you still wish to plead guilty?
>
> THE DEFENDANT: Yes, sir.

The judge accepted Young's plea of guilty on November 8, 1991. However sentencing was postponed until a later date. On December 12, 1991, a hearing was conducted in order to sentence Young for his plea of guilty to two counts of accessory to murder. At that hearing Young was given an opportunity to speak to the court. He stated, "I don't have nothing to say, just made a dumb mistake." Young was sentenced by the trial judge to five years on each count, with the sentences to run consecutively.

Young alleges that the principal charged in one of the murders was acquitted after Young entered his plea of guilty as an accessory after the fact of murder, but prior to his sentencing hearing. However, he did nothing to bring this to the judge's attention prior to sentencing.

Young filed his Motion to Vacate and Set Aside Judgment and Sentence on February 4, 1994. The trial court entered its Order Denying Motion to Vacate and Set Aside Judgment and Sentences on November 2, 1994. Aggrieved, Young appealed from the trial court's denial of his motion for post-conviction relief.

## DISCUSSION OF THE ISSUES

### I. WHETHER THE TRIAL COURT ERRED IN SUMMARILY DISMISSING YOUNG'S POST-CONVICTION RELIEF MOTION CLAIMING THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

Young alleges that he repeatedly told his court appointed attorney that he was innocent, but counsel told him to plead guilty and be done with it. Young pled guilty to accessory to murder on November 8, 1991. His sentencing was to take place at a later date. Although Young asserts that Bobby Lowery went to trial on the murder charge in Count I of the Criminal Information and was acquitted, we can find no confirmation of this assertion in the record. Young asserts to this Court that he cannot be guilty of accessory to murder if the principal was acquitted of murder. He further asserts that his attorney was made aware of all the above information, but he did not do anything to inform the judge. Thus, he claims he was subjected to ineffective assistance of counsel.

Young is not constitutionally entitled to errorless counsel. *Hansen v. State*, 649 So. 2d 1256, 1258 (Miss. 1994). This Court applies the guidelines of *Strickland v. Washington*, 466 U.S. 668, 687; 104 S. Ct. 2052, 2064; 80 L. Ed. 2d 674, 693 (1984):

> *Strickland* tells us the benchmark inquiry is whether defense "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." It is an attack on the "fundamental fairness of the proceeding." The Court then held the "proper standard for attorney performance is that of a reasonable effective assistance," and it was incumbent upon a defendant to show that "counsel's representation fell below an objective standard of reasonableness. More specific guidelines are not appropriate." Also, "judicial scrutiny of counsel's performance must be highly deferential," and "every effort be made to eliminate the distorting effects of hindsight." The Court must then determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."

> What then does 'assistance of counsel' mean? [I]t cannot mean there is a constitutional guaranty to a lawyer who in hindsight made no errors in defending the case. . . .It must mean that a lawyer with some competence conscientiously represented the accused.

*Hansen*, 649 So. 2d at 1259; *quoting Johnson v. State*, 511 So. 2d 1333, 1339-40 (Miss. 1987).

*Strickland* requires this Court to review the proceedings in the lower court in a two-fold inquiry:

> (1) Was the defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

> (2) Was Young prejudiced by such failure to meet that standard?

The burden is on the defendant to prove both prongs. *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996). For there is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic. *Id.*; *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995).

The defendant must show under the second prong of the *Strickland* inquiry that, but for counsel's unprofessional errors, the result would have been different. *Taylor*, 682 So. 2d at 363. The record is void of any deficiency on the part of counsel for the defense. The record does not support Young's claim that his plea was involuntary or unintelligently made. In fact, the judge conducted an examination which closely resembles the one deemed adequate in *Taylor*. The judge conducted a thorough examination of Young prior to accepting his plea of guilty. The judge went to great lengths to explain the charges and their consequences, as well as assessing Young's ability to comprehend and appreciate the ramifications of his guilty plea.

The main crux of Young's ineffective assistance of counsel claims is based on the supposed acquittal of the principal in Count I of the charges against Young.[1] This argument is without merit. In Miss. Code Ann. § 97-1-5, the conviction or acquittal of the principal is immaterial to the prosecution of an accessory.

> Every person who shall be convicted of having concealed, received, or relieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape or to avoid arrest, trial, conviction, or punishment, after the commission of such felony, on conviction thereof shall be imprisoned in the penitentiary not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both; **and in prosecution for such offenses it shall not be necessary to aver in the indictment or to prove on the trial that the principal has been convicted or tried**.

(emphasis added).

Further, the State would have only had to prove that a crime had been committed. The identity of the principal or the proof of his conviction would not have been a necessary requirement to prove the State's case. *McCray v. State*, 293 So. 2d 807, 808 (Miss. 1974).

Young's sentencing did not take place until after he had testified in the principal's trial from Count I. At the sentencing hearing the following exchange took place:

> THE COURT: All right. Are you ready for sentencing?

> MR. GRIFFITH: Yes, Your Honor, we are ready, unless there is anything you would like to say, Rofresco. I would be happy for you to say something.

> THE DEFENDANT: I don't have nothing to say, just made a dumb mistake.

Young had the opportunity to call the court's attention to the acquittal of the principal from Count I at the sentencing hearing. However, he did not. It would not have mattered because of the prior case law and the statutory language discussed above. It might have caused the judge to imposed a lighter sentence on Count I. Of course, this is mere speculation. The judge reached the correct result by accepting Young's guilty plea to Count I and Count II of the indictment against him.

Young has failed to provide this Court with anything in the record that would suggest his counsel's overall performance was deficient or prejudicial. Young pled guilty and admitted he "had just made a dumb mistake." Young did not show with specificity and detail any evidence which might rebut the strong presumption in favor of counsel's performance being both adequate and reasonable. Therefore, this Court holds that Young was not denied effective assistance of counsel.

## II. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING YOUNG AN EVIDENTIARY HEARING ON HIS POST-CONVICTION MOTION.

Young comes before this Court arguing the lower court erred by summarily dismissing, without an evidentiary hearing, his motion for post conviction relief to vacate the plea of guilty and the sentences imposed. In *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991), the Court stated:

> In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statement to the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.

The claims Young brings before this Court in his appeal are totally contrary to his sworn testimony given before the trial court at the time he entered his guilty plea. This blatant contradiction with the record below renders the current documentation on appeal a "sham". *King v. State*, 679 So. 2d 208, 210-11 (Miss. 1996).

In *Smith v. State*, 636 So. 2d 1220, 1224 (Miss. 1994), this Court stated:

> In contrast, Smith's current contentions and credibility are certainly suspect. When we compare his previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a "sham," thus allowing the summary dismissal of the petition to stand. At one time or the other Smith has obviously committed perjury, which may warrant appropriate action by a grand jury.

*Taylor*, 682 So. 2d at 364; (internal citations omitted).

There is a great deal of emphasis placed on testimony by a defendant in front of the judge when entering a plea of guilty. *King*, supra at 211-12. In *King*, this Court cited *Mowdy v. State*, 638 So.2d 738, 743 (Miss.1994), where the Court had previously held:

> There should be a strong presumption of validity of anyone's statement under oath. However, we are now faced with one statement or the other not being the truth. . . ." Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand." If ever there was a sham, it is clearly within these allegations through which Mowdy and Scrivner attempt to get this Court to order an evidentiary hearing to set aside validly imposed sentences based upon what they both now claim were involuntary pleas.

*King*, 679 So. 2d at 211.

The trial judge must explain to the defendant the charges against him, the possible sentences for those

charges, and the consequences of entering a plea of guilty. In order to ensure that guilty pleas are knowingly, intelligently, and voluntarily made, the trial judge should make such an explanation prior to accepting any such plea from a defendant. *Taylor*, 687 So. 2d at 359. The record clearly shows that Judge Hatcher more than adequately complied with the above requirements.

As in *Taylor*, the trial judge in the case sub judice made his findings of fact based on the conversation he had with the defendant explaining the guilty plea proceeding and the rights that the defendant would be waiving if he did in fact plead guilty. Thus, this Court's holding in *Turner v. State*, 590 So. 2d 871, 874 (Miss. 1991), is controlling:

> We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.*

The record is clear as to the facts presented to the trial court before Young's guilty plea was accepted as knowingly and intelligently made. There is nothing in the record that is consistent with Young's claims in his appeal before this Court. We find his argument is without merit and nothing more than a "sham" when viewing the record as a whole. Young was rightfully denied an evidentiary hearing on his claim for post-conviction relief.

## CONCLUSION

Young's claims on appeal are without merit. His guilty plea was voluntarily and intelligently made when viewed with the conversation the trial judge had with him. Young was not denied effective assistance of counsel. His counsel's actions were reasonable under the circumstances, and he even gave Young an opportunity to speak at the sentencing hearing. Young failed to meet the two prong *Strickland* test. The trial court did not commit reversible error by denying Young an evidentiary hearing on his motion for post-conviction relief. This Court affirms the decision of the lower court.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**

1. The record is void of any mention of an acquittal of a principal; however, the acquittal of Bobby Lowery is mentioned several times in the Appellant's Brief. Lowery was accused for the murder in Count I for which Young was charged with being an accessory.