## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00322-SCT

*MARVIN B. MAYS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/97 |
| TRIAL JUDGE: | HON. SHIRLEY C. BYERS |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/31/98 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On April 22, 1996, the Washington County Grand Jury returned a two count indictment against Marvin Mays, a thirty (30) year old resident of Greenville, Mississippi, charging him with armed burglary of an occupied dwelling at night (Count One) and aggravated assault (Count Two). Both of the charges arose out of one incident which occurred in Greenville, on January 10, 1996. Specifically, after Mays' girlfriend entered into a relationship with someone else, Mays allegedly kicked in the door of Robbie Thomas' home and stabbed Leon Barnett with a knife so badly that his intestines were hanging out. Mays was arraigned and entered a plea of not guilty on May 31, 1996.

However, on July 26, 1996, Mays filed a Petition to Enter Plea of Guilty to the aggravated assault charge (Count Two). In exchange for his guilty plea to aggravated assault, the state agreed to nolle prosequi the remaining charge. On August 2, 1996, a hearing was held in the Washington County Circuit Court before Circuit Judge Ashley Hines, wherein Mays' guilty plea to aggravated assault was accepted. Upon a finding that Mays' plea was knowingly and voluntarily entered, Judge Hines

sentenced him to twenty (20) years in the custody of the Department of Corrections.

On August 5, 1996, Mays filed a Motion for Reconsideration alleging that his sentence was excessive given the facts and circumstances surrounding the offense, and that it was contrary to the usual sentences imposed for first offenders committing the same offense in Washington County, Mississippi. Additionally, Mays points out that his sentence was rendered without the benefit of a pre-sentence investigation report. On August 23, 1996, Judge Hines entered an Order denying Mays' Motion to Reconsider noting that Mays was given the maximum sentence after considering the following factors in arriving at defendant's sentence: (1) defendant's age; (2) the particularly vicious and violent nature of the crime; and (3) the fact that the crime was committed during the commission of another crime. Judge Hines also pointed out that "[t]he only factors presented by the defendant in mitigation were that his family and friends felt he should receive a lighter sentence and that his former girlfriend (who is not the victim in this case) desires to continue their relationship."

On August 27, 1996, Mays filed a Motion to Withdraw Guilty Plea alleging that his guilty plea was not voluntarily made because he was nervous, scared, and unable to speak. On August 28, 1996, Judge Hines entered an Order denying Mays' Motion to Withdraw Guilty Plea.

On December 13, 1996, Mays entered a second Motion to Withdraw Guilty Plea, but this time alleged that there was newly discovered evidence in that a non-interested witness who could corroborate Mays' declaration of self-defense had come forth. On December 16, 1996, an evidentiary hearing was held in the Washington County Circuit Court before Circuit Judge Gray Evans. At this hearing, Johnny Roberts testified that on the day of the incident he (Roberts) observed the victim come out of the house clenching his stomach with one hand and holding a gun in the other hand. Roberts stated that he decided to come forward with this information after learning that Mays received a 20 year sentence. On February 19, 1997, Judge Evans entered an Order denying Mays' Motion to Withdraw Guilty Plea based on newly discovered evidence. Judge Evans specifically found that the credibility of the non-interested witness, Johnny Roberts, was in serious doubt. Judge Evans further stated "[w]hen coupled with the incredible absence of any mention of self defense or a gun either (a) during the plea, (b) during sentencing, (c) and especially during the hearing on the Motion to Reconsider, by either Defendant or counsel, this Court has such serious reservations about the absence of any believable scenario regarding self defense or the possession of a gun by the victim that this Court can say with all confidence that the presentation of this theory of self defense is not worthy of any consideration whatsoever; it is not true."

Aggrieved by the trial court's decision, Mays appeals *pro se* to this Court and raises the following issues:

> **I. WHETHER THE SENTENCE RENDERED BY THE TRIAL COURT WAS EXCESSIVE.**
>
> **II. WHETHER THE TRIAL COURT ERRED BY RENDERING MAYS' SENTENCE WITHOUT AN ADEQUATE PRE-SENTENCE HEARING.**
>
> **III WHETHER THE TRIAL COURT VIOLATED UCCCR 3.03 BY STATING THAT "THERE IS NO MINIMUM SENTENCE FOR THIS CRIME."**

**IV. WHETHER MAYS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

**V. WHETHER THE TRIAL COURT ERRED BY DENYING MAYS' MOTION TO WITHDRAW GUILTY PLEA DUE TO NEWLY DISCOVERED EVIDENCE.**

## LEGAL ANALYSIS

### I. WHETHER THE SENTENCE RENDERED BY THE TRIAL COURT WAS EXCESSIVE.

Mays alleges that his sentence was excessive and "contrary to the usual sentence imposed on first offenders who enter guilty pleas for the same offense in Washington County, Mississippi." However, Mays does not provide any information pertaining to how his sentence differs from "the usual sentence." Additionally, Mays' sentence is within that prescribed by statute. *See* Miss. Code Ann. § 97-3-7(2) (1994).

The standard for analysis regarding sentencing is found in this Court's ***Hoops*** decision.

> Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. ***Reynolds v. State***, 585 So.2d 753, 756 (Miss. 1991) (citing ***Reed v. State***, 536 So.2d 1336, 1339 (Miss. 1988); ***Boyington v. State***, 389 So.2d 485 (Miss. 1980)). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." ***Fleming v. State***, 604 So.2d 280, 302 (Miss. 1992) (citing ***Corley v. State***, 536 So.2d 1314, 1319 (Miss. 1988); ***Reed v. State***, 536 So.2d 1336, 1339 (Miss. 1988)).

***Hoops v. State***, 681 So.2d 521, 537-38 (Miss. 1996). "However, where a sentence is "grossly disproportionate" to the crime committed, the sentence is subject to attack . . .." ***Edwards v. State***, 615 So. 2d 590, 597 (Miss. 1993) (citing ***Wallace v. State***, 607 So. 2d 1184, 1188 (Miss. 1992); ***Fleming v. State***, 604 So. 2d 280, 302 (Miss. 1992)). This Court has adopted the ***Solem*** test when evaluating proportionality. ***Edwards***, 615 So. 2d at 598. "The [Solem] elements are: (1) the gravity of the offense and the harshness of the penalty; (2) **comparison of the sentence with sentences imposed on other criminals in the same jurisdiction**; and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case." ***Id.*** (emphasis added).

Even though Mays claims that his sentence meets the second element of the ***Solem*** test, he submitted no evidence in support of this claim. Moreover, a ***Solem*** review is not warranted since Mays' sentence is within statutory limits and is not "grossly disproportionate" to the crime he committed. Mays pled guilty to aggravated assault pursuant to Miss. Code Ann. § 97-3-7(2) (1994) which provides for a sentence of "imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years." ***Id.*** Mays received a twenty year sentence, which does not exceed the maximum term allowed by statute. Consequently, his sentence will not be disturbed by this Court.

### II. WHETHER THE TRIAL COURT ERRED BY RENDERING MAYS' SENTENCE WITHOUT AN ADEQUATE PRE-SENTENCE HEARING.

Mays contends that the trial court erred by rendering his sentence without an adequate pre-sentence hearing. Mays argues that there were mitigating circumstances surrounding his crime that were not properly considered by the trial court. Specifically, Mays contends that (a) he acted in self-defense, (b) the prosecution did not produce a knife or a gun in support of their position, and (c) sentence was imposed without a pre-sentence investigation report.

In support of his self-defense claim, Mays relies heavily on the fact that there was a witness, of whom he was not aware at the time of pleading guilty, that could corroborate his allegation of self-defense. However, Circuit Judge Evans conducted a hearing on December 16, 1996 to hear Mays' contention of newly discovered evidence, which was the previously unknown corroborating witness, Johnny Roberts. Judge Evans filed an Order dated February 7, 1996, finding that there was no merit to Mays' contention of newly discovered evidence and further found that Roberts was not a credible witness and Mays failed to meet the burden of producing credible evidence that he was acting in self-defense. The trial court is the finder of fact and made the specific finding that Roberts was not a credible witness. This Court will not overturn the trial court's decision regarding credibility of witnesses unless the decision is manifestly wrong. *See Yarbrough v. Camphor*, 645 So. 2d 867, 869 (Miss. 1994). Furthermore, Judge Evans pointed out that Mays never claimed self-defense prior to filing his Motion to Withdraw Guilty Plea on December 13, 1996, which was after he entered a guilty plea and his sentence was imposed.

Moreover, Mays admits that he thought it was in his best interest at the time to plead guilty since he was not aware that Johnny Roberts allegedly witnessed the crime. Since the trial judge determined that Roberts' testimony was not credible, there is no reason for Mays to alter his belief that it was in his best interest to plead guilty.

Additionally, there is no merit to Mays' claim that the prosecution's failure to produce a knife or gun is a mitigating circumstance. Mays pled guilty to aggravated assault. There was no trial, therefore, there was no opportunity for the prosecution to produce such evidence. This is especially true since it's very doubtful that a gun was ever present at the crime scene.

Lastly, Mays argues that his sentence was improperly rendered because there was no pre-sentence investigation report. This issue is controlled by this Court's decision in *Edwards v. State*, 615 So. 2d 590 (Miss. 1993). As in the case at bar, the defendant, Edwards, objected to the absence of a pre-sentence report, claiming that it prohibited him from presenting mitigating circumstances to the court prior to imposition of the sentence. *Id.* at 598. In *Edwards*, this Court held that "the use of pre-sentence investigations and reports is discretionary with the trial judge and is not mandatory." *Id.* Accordingly, there is no merit to Mays' claim that the trial court conducted an inadequate pre-sentence hearing.

### III. **WHETHER THE TRIAL COURT VIOLATED UCCCR 3.03[1] BY STATING THAT "THERE IS NO MINIMUM SENTENCE FOR THIS CRIME."**

Mays relies upon *Vittitoe v. State*, 556 So. 2d 1062 (Miss. 1990) in arguing that his guilty plea was not knowingly, voluntarily and intelligently made because the trial judge did not inform him of the minimum sentencing required by the statute. Change of Plea and Sentencing transcripts reveal that the trial judge informed Mays that there was no minimum sentence and a maximum sentence of

twenty (20) years for the crime of aggravated assault. The trial judge further advised Mays that "the sentencing guidelines adopted by this Court have a range of 6 to 20 years." Mays indicated that he understood the judge's explanations. Mays' reliance on *Vittitoe* is unfounded since the case at bar is distinguishable. In *Vittitoe*, the defendant pled guilty to armed robbery pursuant to Miss. Code Ann § 97-3-79, which required a minimum sentence of three years upon conviction.

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term **not less than** three (3) years.

Miss. Code Ann. § 97-3-79 (1994)[2] (emphasis added).

On the other hand, Mays pled guilty to aggravated assault pursuant to Miss. Code Ann. § 97-3-7, which does not prescribe a mandatory minimum sentence.

> A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and upon conviction, he shall be punished by imprisonment in the county jail for **not more than** one (1) year or in the penitentiary for **not more than** twenty (20) years. . . .

Miss. Code Ann. § 97-3-7(2) (1994) (emphasis added). This statute designates the mandatory **maximum** sentence allowed for aggravated assault and distinguishes between the place of confinement depending on the length of sentence given. However, there is no mandatory **minimum** sentence denoted.

The trial judge was correct in advising Mays that there was no minimum sentence for the crime and that the maximum sentence was twenty (20) years. However, in this case the Washington County Circuit Court had adopted sentencing guidelines ranging from 6 to 20 years, of which Mays was also informed. Accordingly, Mays was correctly advised of the law and of the mandatory minimum sentence adopted by Washington County Circuit Court. Therefore, we hold that the trial court did not violate UCCCR 3.03.

### IV. WHETHER MAYS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

Mays contends that he received ineffective assistance of counsel. However, Mays fails to specify how his attorney, Marie Wilson, was ineffective. The closest statement alleging specific facts is "[p]etitioner feels his attorney joined prosecution by not enforcing the litigation of his discovery and speedy trial motion and his December 16, 1996 withdrawal motions hearing, whereas same contains false allegations by attorney which bears no proof when referring to the records." Although it's hard to tell exactly what failures Mays is alleging by this statement, the record shows that his attorney

pursued numerous avenues of relief on Mays' behalf.

The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mississippi adopted the *Strickland* standard in *Stringer v. State*, 454 So. 2d 468, 476-78 (Miss. 1984) and has consistently applied this standard in subsequent cases. *Neal v. State,* 525 So. 2d 1279, 1281 (Miss. 1987) (citing *Ferguson v. State*, 507 So. 2d 94, 95-97 (Miss. 1987); *Waldrop v. State*, 506 So. 2d 273, 275-76 (Miss. 1987); *Alexander v. State*, 503 So. 2d 235, 240-41 (Miss. 1987); *King v. State*, 503 So. 2d 271, 273-76 (Miss. 1987); *Leatherwood v. State*, 473 So. 2d 964 (Miss. 1985)).

Our inquiry under *Strickland* is twofold:

(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

(2) Was [the appellant] prejudiced by such failure to meet the standard?

*Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994). Additionally, "[a]n ineffective assistance claim by its very nature refers to the totality of counsel's pre-trial and trial performance." *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987). "At the outset, defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." *Hansen*, 649 So. 2d at 1258. Mays "must allege these matters with specificity and detail" to obtain an evidentiary hearing. *Perkins v. State*, 487 So.2d 791, 793 (Miss. 1986); Miss. Code Ann. § 99-39-9(1) (1994). The petitioner's well pled allegations are taken as true. *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). Moreover, where the appellant is proceeding *pro se*, the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted. *Id.*

Mays' allegations are general statements regarding his own opinion of his attorney's performance, with no substantiating statements. Mays did not provide any specific examples of how his attorney's failure to enforce the litigation of his discovery and speedy trial motion and his December 16, 1996 withdrawal motions hearing amounted to ineffective assistance of counsel. Therefore, this Court finds that Mays failed to meet his statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions lack the "specificity and detail" required to establish a prima facie showing. We further find that his allegations in this area are without merit since the various documents from the proceedings provide evidence contrary to Mays' assertions.

Mays was indicted on April 22, 1996 and his attorney filed a Motion demanding discovery and a speedy trial on June 7, 1996 (45 days after indictment). Mays was arraigned and entered a plea of not guilty on June 21, 1996 (59 days after indictment). However, on July 26, 1996, Mays changed his plea to guilty (94 days after indictment). Mississippi law requires indictments to be tried no later than two hundred seventy (270) days after the accused has been arraigned. Miss. Code Ann. § 99-17-1 (1994). Moreover, a valid guilty plea waives the defendant's claim of right to speedy trial. *Anderson v. State*, 577 So. 2d 390, 392 (Miss. 1991). Likewise, the motion for discovery becomes moot once the defendant enters a valid guilty plea.

Additionally, Mays' attorney filed numerous motions following Mays' guilty plea. On August 5, 1996, Attorney Wilson filed a Motion for Reconsideration, stating that Mays' sentence was (1) excessive;

(2) contrary to the usual sentences imposed for first offenders committing the same offense in Washington County, Mississippi; (3) unjust given all the facts and circumstances surrounding the offense; and (4) rendered without the benefit of a pre-sentence investigation report, which amounted to cruel and unusual punishment. This motion was denied by the circuit court on August 23, 1996. Circuit Judge Hines found that the following facts were considered when arriving at Mays' sentence: (1) the defendant's age; (2) the particularly vicious and violent nature of the crime; and (3) the fact that this crime was committed during the commission of another crime. Judge Hines also pointed out that the only mitigating factors Mays presented were "his family and friends felt he should receive a lighter sentence and that his former girlfriend (who is not the victim in this case) desires to continue their relationship."

Subsequently, on August 27, 1996, Attorney Wilson filed a Motion to Withdraw Guilty Plea, stating that Mays' guilty plea should be withdrawn because he was nervous, scared and unable to speak or think rationally. This motion was also denied by the circuit court on August 28, 1996.

On December 13, 1996, Attorney Wilson re-submitted Mays' Motion to Withdraw Guilty Plea stating that there were newly discovered evidence in that a witness, Johnny Roberts, had come forth with information that would corroborate Mays' claim of self-defense. A hearing concerning this motion was held on December 16, 1996 in the Washington County Circuit Court, in front of Judge Evans. However, this motion was also denied by the circuit court. In a four-page Order, Judge Evans found that there was no merit to Mays' allegation of newly discovered evidence and Mays failed to meet the burden of producing credible evidence that he was acting in self defense in that Mays' corroborating witness lacked credibility. Judge Evans further pointed out that Mays had never propounded a self-defense claim prior to the motion filed on December 13, 1996.

Accordingly, the record shows that there was no discovery violations nor was there a violation of Mays' right to speedy trial. The record also reveals that Mays' attorney made numerous attempts to have Mays' sentence reconsidered and his guilty plea withdrawn. Mays has failed to meet the *Strickland* standard, thus we hold that there is no merit to Mays' claim of ineffective assistance of counsel.

## V. WHETHER THE TRIAL COURT ERRED BY DENYING MAYS' MOTION TO WITHDRAW GUILTY PLEA DUE TO NEWLY DISCOVERED EVIDENCE.

Mays claims that he was entitled to a new trial on the grounds of newly discovered evidence and that such evidence came to defendant's knowledge after the guilty plea and sentencing, and such evidence could not have been discovered sooner by diligence, and such evidence would probably produce a different result if a new trial were granted. This issue has been thoroughly discussed in Issue II of this opinion, and does not deserve further elaboration. In accordance with the trial court's finding that Mays' newly discovered witness, Johnny Roberts, lacked credibility, there is no merit to Mays' claim of newly discovered evidence.

## CONCLUSION

Mays alleges that his sentence is excessive and "contrary to the usual sentence imposed on first offenders who enter guilty pleas for the same offense in Washington County, Mississippi." However, he provides no information in support of this allegation. Additionally, Mays received a twenty (20)

year sentence which is within the statutory limit and as such will not be disturbed by this Court.

Mays also alleges that the trial court erred by rendering his sentence without an adequate pre-sentence hearing since there were mitigating circumstances that were not properly considered by the court. Specifically, Mays contends that (a) he acted in self-defense, (b) the prosecution failed to produce a knife or gun in support of their position, and (c) sentence was imposed without a pre-sentence investigation report.

A hearing was conducted concerning Mays' claim of newly discovered evidence in the form of a non-interested witness, Johnny Roberts, who could corroborate Mays' self-defense claim. Circuit Judge Evans found that Roberts lacked credibility and consequently Mays had failed to meet his burden of producing credible evidence that he was acting in self defense. Judge Evans further pointed out that Mays had never propounded a self-defense claim prior to his motion which was filed on December 13, 1996.

Moreover, the prosecution was not required to produce a knife or gun as evidence since Mays pled guilty to the crime of aggravated assault. Therefore, the fact that the prosecution did not produce this evidence is not a mitigating circumstance in Mays' favor.

Lastly, this Court has held that the use of pre-sentence investigations and reports is not mandatory but is at the discretion of the trial judge. The factors considered and the lack of mitigating factors were specified in Judge Hines' Order dated August 23, 1996. Accordingly, there is no merit to Mays' claim that his pre-sentence hearing was inadequate.

Mays contends that his guilty plea was not voluntarily given because the trial judge did not inform him of the minimum sentence required by the statute. The court records reveal the trial judge informed Mays that there was no statutory minimum sentence but a maximum sentence of twenty (20) years for the crime of aggravated assault. Additionally, the trial judge further informed Mays that the Washington County Circuit Court had adopted sentencing guidelines with a range of six (6) to twenty (20) years. This information is correct and Mays indicated that he understood this information at the sentencing hearing. Therefore, there is no merit to Mays' claim that his guilty plea was involuntary.

Mays also contends that he received ineffective assistance of counsel, but fails to specify how his attorney, Marie Wilson, was ineffective. Mays failed to meet the statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions lack the specificity and detail required to establish a prima facie showing. Additionally, his allegations in this area are without merit in that the various documents from the proceedings provide evidence contrary to Mays' assertions.

Mays further claims that the trial court erred by denying his Motion to Withdraw Guilty Plea due to newly discovered evidence. This issue has been thoroughly discussed in Issue II and does not deserve further elaboration. In accordance with the trial court's finding that Mays' newly discovered witness, Johnny Roberts, lacked credibility, there is no merit to Mays' claim of newly discovered evidence.

Accordingly, the trial court's dismissal of Mays' Motion to Withdraw Guilty Plea is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR.**

1. At the time of Mays' guilty plea this rule was entitled Uniform Criminal Rules of Circuit Court Practice, 3.03. This rule is now embodied in Uniform Circuit and County Court Rules, UCCCR 8.04.

2. The wording of the statute has not changed since the time Vittitoe pled guilty in 1983.