450 So.2d 67 (1984)
Reginald CARTER
v.
STATE of Mississippi.
No. 54,791.
Supreme Court of Mississippi.
March 28, 1984.
Rehearing Denied May 30, 1984.
John L. Clay, Jackson, for appellant.
Bill Allain, Atty. Gen., Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Reginald Carter was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Honorable H. Breland Hilburn, presiding, on a charge of robbery, and was sentenced to *68 twelve (12) years in custody of the Mississippi Department of Corrections. He appeals to this Court and assigns the following errors in the trial below:
(1) The lower court erred in failing to grant appellant's motion for a mistrial.
(2) The verdict of the jury is against the overwhelming weight of the evidence.
(3) The sentence by the court of twelve (12) years was excessive and against the overwhelming weight of the evidence.
On December 27, 1982, Mrs. Linda Nipper was assaulted in the parking lot of Mississippi Valley Gas Company between 3:00 and 3:30 p.m. by a black male person, who snatched her leather purse and fled with it. The purse had shoulder straps which were wrapped around the victim's arm, and, during the robbery, the victim was pulled to the pavement and dragged until the straps finally came loose from her arm. The purse contained $2.00 in cash, two checks payable to utility companies, and miscellaneous items of personal property.
Mrs. Nipper described the assailant as weighing 160 lbs., approximately 6 ft. in height, about twenty-three (23) years of age, and dressed in a three-quarters length burgundy leather coat and a knitted cap with a bill on it.
Elwin J. Williams drove to the scene in his automobile and recognized that a robbery was in progress. He attempted to hit the assailant with the car in order to prevent his escape, but was unable to do so. The police were immediately notified and an investigation was initiated.
The next day, appellant was seen by Officer Thomas S. Hunter, who had been given a description of the robber. He was cruising in a police car, summoned another officer to aid him, and appellant was arrested. At the time, appellant was wearing a three-quarters length burgundy leather coat, a cap, and fit the description given the police by Williams and Mrs. Nipper. Appellant was positively identified as the robber by Williams and Mrs. Nipper at a five-man lineup, and they made a positive in-court identification of him.
At the trial, on cross-examination, the following questions were asked and answers given by Officer Thomas S. Hunter:
Q. And the only reason you arrested Mr. Carter is because of the description you got over the radio, is that correct?
A. Correct.
Q. Is a six foot black male, 160 to 170 pounds, uncommon in your area?
A. No, it's not.
Q. So about the only reason you arrested him was because he had a burgundy coat on, is that right?
A. A general description, and the way he acted when he saw the patrol car.
Q. The way he acted?
A. When he ducked between the buildings.
Q. And that's when he walked away from you?
A. Right.
On redirect the following exchange took place:
BY MR. WINGATE:
Q. Officer, Counsel asked you one question just then. He asked you did you have any other reason to make an arrest of him. And what was your answer to that?
A. Oh, he was wanted on a petty larceny charge, also.
The above answer of Officer Hunter was objected to and the appellant moved for a mistrial. The trial judge overruled the motion for mistrial but instructed the jury as follows:
BY THE COURT:
The jury will be instructed to disregard the last remark, which means that when you retire to consider your verdict, anything that the Court instructs you not to consider or that you are to disregard means that you are not to utilize that when you retire to render a verdict; and you are instructed to disregard the last remark by the witness.

*69 I.
The appellant first assigns as error that the court erred in refusing to grant a mistrial and that the appellant was prejudiced by the State's showing he had been charged with petty larceny, a separate crime from the one for which he was being tried.
The State may not introduce evidence of another crime separate and distinct from the crime charged and for which the accused is being tried, except to show identity, guilty knowledge, intent or motive, or where the offense charged is so interwoven with other offenses that it cannot be separated. Harrington v. State, 336 So.2d 721 (Miss. 1976); Younger v. State, 301 So.2d 300 (Miss. 1974); Hosey v. State, 300 So.2d 453 (Miss. 1974).
In Reddix v. State, 381 So.2d 999 (Miss. 1980), the prosecuting attorney made reference to a previous trial of the defendant and the appellant objected and moved for a mistrial on account of same. This Court held that, since there was no request that the jury be instructed to disregard the testimony, no reversible error was committed. See also Carrol v. State, 391 So.2d 1000, 1002 (Miss. 1980) and Clanton v. State, 279 So.2d 599, 562 (Miss. 1973).
The jury is presumed to follow the instructions of the trial judge. In the case sub judice, the trial judge instructed the jury to disregard the answer of the witness Hunter, he complied with the law in doing so, and we are of the opinion that no reversible error was committed. Also, at the conclusion of the State's case, the appellant neither testified nor introduced evidence to refute that presented by the State, but immediately rested. Therefore, in our opinion, evidence of guilt was overwhelming against the appellant, and, from that evidence, the jury could not reasonably have found any verdict other than that of guilt.

II.
The appellant contends second that the verdict of the jury is against the overwhelming weight of the evidence. In discussing the first question, we have determined that there is no merit in the second assignment of error and that the verdict of the jury was supported by the overwhelming weight of the evidence.

III.
Appellant contends third that the sentence of twelve (12) years was excessive and amounted to an abuse of discretion on the part of the lower court. We have held many times that when a sentence of the trial court is within the limits fixed by the statute, this Court will not reverse on the ground that the lower court imposed an excessive sentence and abused its discretion. Contreras v. State, 445 So.2d 543 (Miss. 1984); May v. State, 435 So.2d 1181 (Miss. 1983).
Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.