489 So.2d 1091 (1986)
Robert C. BOLIN
v.
STATE of Mississippi.
No. 56758.
Supreme Court of Mississippi.
May 28, 1986.
H. Lanier B. Foote, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
Robert C. Bolin was indicted for the illegal possession of a controlled substance, found guilty by a jury, and sentenced to three (3) years in the Mississippi Department of Corrections and to pay all costs.
In pertinent part the indictment states, "did then and there wilfully, unlawfully, feloniously, knowingly, purposely and intentionally *1092 possess a useable quantity of meperidine, a schedule II controlled substance as set out in Section 41-29-115 of the Mississippi Code of 1972, as amended; in violation of Section 41-29-139(c)(1), ..."
Obviously the charge against Bolin was limited to the possession of meperidine. Unfortunately, however, the State's attorney was permitted to introduce into evidence, over the objection of the defendant, several contraband substances not specified in the indictment and for which the defendant was not being tried. The introductions were State's Exhibit "1-B", morphine and codeine; State's Exhibit "1-C", amphetamine and meprobamate; State's Exhibit "1-D", methylphenidate; and State's Exhibit "1-E", oxycodone. Each of these being Schedule II controlled substances.
The general rule in this State is that the prosecution may not introduce evidence of another crime separate from that charged in the indictment and for which the accused is being tried, except to show identity, guilty knowledge, intent or motive, or where the offense charged is so interwoven with other offenses that it cannot be separated. Carter v. State, 450 So.2d 67 (Miss. 1984); Mason v. State, 429 So.2d 569 (Miss. 1983); and more recently Tobias v. State, 472 So.2d 398 (Miss. 1985), including the cases therein cited.
The introduction of the contraband not included in the indictment, in our opinion, was not necessary for identity, intent or motive, nor is it so interwoven with other crimes that it cannot be separated; neither is scienter or guilty knowledge an essential element of the crime of unlawful possession. The present indictment charges a possessory crime, a crime prohibited by law, rather than a violation of law which is inherently wrong. The issue is not one of "guilty intent" or the intent to do something morally wrong but only an intent to possess an illegal substance. See Wright v. State, 236 So.2d 408 (Miss. 1970).
The introduction of unlawful substances not mentioned in the indictment was reversible error in our opinion.
The appellant also questions the validity of the search warrant and search. We have examined this issue and are of the opinion this assignment is without merit.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.