502 So.2d 1193 (1987)
Brenda SHOEMAKER
v.
STATE of Mississippi.
No. 56670.
Supreme Court of Mississippi.
February 18, 1987.
Rehearing Denied March 4, 1987.
*1194 H. David Clark, II, Clark & Brown, Forest, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ANDERSON, Justice, for the Court:
This appeal from the Circuit Court of Rankin County involves a question of the trial court's efforts to cure a prosecutor's improper statement to the jury. Finding no prejudicial error we affirm.
In October 1982, Brenda Shoemaker and her children entered a Western Auto Store in Brandon. Shortly after her departure, the proprietors noticed that a diamond ring was missing from its case. Lacking any evidence of the thief's identity, they decided there would be little point in calling the police. There, no doubt, the matter would have ended had not Brenda Shoemaker been so hardy as to bring the missing ring to the store in January 1983. She claimed that her husband had given it to her for Christmas, but she then told them she didn't want it and would like a refund. The owners recognized the ring and called the police, who soon arrived and arrested Mrs. Shoemaker. She was subsequently indicted and convicted for receiving stolen goods; her eight-year-old son took the ring and gave it to his mother. The trial judge sentenced her to five years with the Department of Corrections with the last four years suspended, provided she maintained good behavior under supervised probation.
On appeal, she adduces four assignments of error, of which only one merits close consideration.
During direct examination, Mrs. Shoemaker was asked whether she had ever been convicted of other misdemeanors. She replied:
I believe back in '71 it was abusive language and disturbing the peace. I think I must have been seventeen at that time or just barely eighteen anyway. Then in 1972 for public drunk and abusive language and then in 1980 for two shopliftings.
During cross-examination of the defendant, the following occurred:
Q. Now, you tell this jury that you hadn't shoplifted or attempted to shoplift anything since 1980.
A. Correct.
Q. Isn't it a fact that right down here at the White's Auto Store
BY MR. TAYLOR: I'm going to object 
Q.  that
BY MR. TAYLOR: I'm going to ask for a mistrial.
BY SECOND DEFENSE COUNSEL: I ask for a mistrial, judge.
BY DISTRICT ATTORNEY: They brought it out.
The trial judge excluded the jury, listened to the court reporter's tape recording and had the stenographic notes read to him. After much discussion with counsel, the trial judge overruled the motion for a mistrial, but stated he would permit questions by the district attorney about any felony or misdemeanor convictions of the defendant. Upon the jury's return, the trial judge admonished the jury without request of defense counsel as follows:
BY THE COURT: Ladies and Gentlemen, when we stopped before, Mr. Craft was attempting to ask a question concerning some alleged incident at the White Auto Store in Brandon. He didn't get but about half his question out, and *1195 then everybody was objecting at once. I have played back the tape and listened and asked the court reporter to read back what she heard, and she didn't get much past that point so there is nothing in my judgment that could be there other than perhaps some inference that the Defendant was involved in some incident at the White Auto Store and might have in some way been similar to the present issue before the Court. I have ruled that that is not admissible and any inference about that should not be drawn and I am instructing you to completely disregard that question and to not have any inference in your mind from the fact that Mr. Craft started into some question about an incident of a similar nature at the White Auto Store. I want to be sure that we can do that. Starting with Mary Spencer, can you tell me on your oath that you can disregard that question and absolutely draw no inference from that question?
Eleven of the jurors answered affirmatively; the twelfth juror, who answered in the negative, was excused and replaced by the alternate juror.
The trial judge was, of course, right in holding that evidence of past crimes not resulting in convictions is generally inadmissible. E.g., Lightsey v. State, 493 So.2d 375 (Miss. 1986); Bolin v. State, 489 So.2d 1091 (Miss. 1986); Brown v. State, 483 So.2d 328 (Miss. 1986). The question is whether his instruction to the jury cured the evil.
We have repeatedly held that jurors are presumed to follow the trial judge's instructions. E.g., Walker v. State, 473 So.2d 435, 440 (Miss. 1985); Fairley v. State, 467 So.2d 894 (Miss. 1985). Appellant, argues, however, that under the facts of this case the curative instruction had the effect of drawing the jury's attention to the impermissible statement and emphasizing it. Therefore, he contends, nothing short of a reversal and a new trial can undo the evil.
We believe that by adopting such a view, we would show insufficient confidence in the good sense and discretion of trial judges. If we agreed with the appellant, we would put trial judges in a no-win situation once incompetent and inflammatory testimony has been offered. If a trial judge sustains objections to such evidence without comment, he would be reversed, since on appeal, we presume that prejudice has resulted from such an infraction. Smith v. State, 457 So.2d 327, 335-36 (Miss. 1984); Tudor v. State, 299 So.2d 682, 685-86 (Miss. 1974); McDonald v. State, 285 So.2d 177, 178 (Miss. 1973). But what if he employs curative measures? Under the appellant's proposed rule, we would reverse him for that, too. He would be damned if he did and damned if he didn't.
The same situation arose in Horne v. State, 487 So.2d 213 (Miss. 1986). There, a witness in a narcotics case was asked about another alleged drug-related offense. Upon objection, the trial judge called the question "highly improper" and instructed the jury to disregard it. Each juror was polled on his ability to comply with this instruction, and each gave a satisfactory response. A defense motion for a mistrial was denied.
On appeal, we reversed for other reasons, but we declined to reverse because of the denial of a mistrial. A mistrial in such a case is proper "unless it can be said with confidence that the inflammatory material had no harmful effect on the jury." Tudor v. State, 299 So.2d 682, 694 (Miss. 1974). In Horne, we indicated that the "thorough curative measures" employed by the trial judge gave us such confidence. Horne, 487 So.2d at 215.
It seems to us that the same principle should apply here. Common sense dictates that the trial judge will ordinarily be in a better position to assess the amount of prejudice resulting from such an incident than we are on appeal. This case does not appear to be among the rare exceptions.
Therefore, the judgment of the circuit court will be affirmed.
AFFIRMED.
*1196 WALKER, C.J., and ROY NOBLE LEE, P.J., and DAN M. LEE, SULLIVAN and GRIFFIN, JJ., concur.
HAWKINS, P.J., and PRATHER and ROBERTSON, JJ., dissent.
PRATHER, Justice, dissenting:
Respectfully, I dissent from the majority opinion, and vote to reverse the conviction and remand for a new trial.

I.
Additional facts are needed to establish my reasons. The record before us reveals that on January 8, 1983, charges of (1) possession of paraphernalia, (2) false pretenses, (3) receiving stolen goods were docketed against this defendant in the same docket number before the City Court of Brandon; and an order showing a fine of $324.00, but without designating the charge for which the fine was paid. A marginal notation in a different handwriting showed charges 2 and 3 to be bound over to the grand jury. Some eighteen months later in July, 1984, an indictment was returned against this defendant on the instant charge. The defendant was represented by two separate employed attorneys, one of whom raised an issue of former jeopardy in an affidavit for continuance. Ultimately, the office of public defender represented the defendant on the instant charge when Mrs. Shoemaker could not pay her employed counsel. The motion to dismiss and the issue of double jeopardy suggested by the pleading were never presented to or acted upon by the trial court.

II.
The appeal attorney (not trial counsel) assigns the following errors:
(1) The verdict of the jury was contrary to the overwhelming weight of the evidence.
(2) The court erred in failing to grant the appellant's motion for a mistrial when the district attorney inferred that defendant had committed an alleged crime similar in nature to that for which she was being tried.
(3) That the court erred in failing to grant the defendant's motion for a mistrial when the court excused the juror who could not follow the court's instruction to disregard the question of the district attorney as to defendant's attempt to commit an alleged similar crime.
(4) Ineffective assistance of counsel.

III.
The majority opinion addresses assignment (2) regarding the motion for a mistrial and concludes that there was no prejudicial error. I respectfully disagree.
This Court has a long line of decisions which hold that evidence which tends to show the accused's commission of separate and distinct crimes is not admissible unless it comes within recognized exceptions to the rule.[1]Eubanks v. State, 419 So.2d 1330 (Miss. 1982); Spears v. State, 253 Miss. 108, 175 So.2d 158, 165 (1965); Clark v. State, 181 Miss. 455, 180 So. 602 (1938). See Mississippi Rules of Evidence adopted January 1, 1986, Rule 404; Lightsey v. State, 493 So.2d 375 (Miss. 1986); Bolin v. State, 489 So.2d 1091 (Miss. 1986); Brown v. State, 483 So.2d 328 (Miss. 1986); Carter v. State, 450 So.2d 67 (Miss. 1984) (evidence of a prior crime or act may be admitted to show identity, knowledge, intent, or motive).
The majority opinion relies upon the court's admonition to the jury to disregard the improper evidence, and this Court's prior cases hold that the jury is presumed to follow the court's instruction.
However, the facts of this case are different than in cases previously addressed. In his effort to correct the prosecutor's *1197 attempt to interject improper evidence, the trial court referred first to "some alleged incident at the White Auto Store in Brandon", again to "some inference that the defendant was involved in some incident at the White Auto Store and might have been similar to the present issue before the court" and third time, to "an incident of a similar nature at the White Auto Store." These comments went much further than the prosecutor's question, notwithstanding the trial court's good motives. Neither is there evidence to establish that the "incident" was a conviction.
Additionally, this Court has held that it is presumed, that the jury will follow the court's instruction to disregard. But this presumption can be rebutted. The fact that one juror stated that she could not disregard the improper evidence lends credence to the conclusion that the remark was prejudicial to this defendant.
Had the circuit judge merely sustained the objection to the abbreviated question: "Isn't it a fact that right down here at the White's Auto Store ...," and said nothing more, we might have a different case. My concern is that, without a defense request for an instruction to disregard, the circuit judge with no doubt the purest of motives went forth and explained the full nature of the question and that the prosecuting attorney was attempting to suggest that, because Shoemaker had been involved in a prior "similar incident" at White's, she had the propensity to commit the act charged in the present indictment. The circuit judge asked each juror one by one to disregard any inference from the question at issue, in the end rendering it impossible for anyone to forget the impermissible inference. To hold, as does the majority, that the instruction-to-disregard solved the problem is to fly in the face of psychological reality. This point takes on added meaning in that defendant in no way asked the circuit judge to do what he did.
Notwithstanding this long line of decisions, I would hold that under the peculiar facts of this case, the comments of the trial judge in his effort to cure the prosecutor's remark directed undue attention to the improper evidence.
On this assignment of error alone, I would reverse.

IV.
Other assigned errors are not addressed in the opinion, but appear to have merit. The assignment of ineffective assistance of counsel obviously may not preclude the right of the defendant to raise that issue in a post conviction relief petition. See Read v. State, 430 So.2d 832, 841 (Miss. 1983), particularly inasmuch as the issue is not addressed. The errors assigned as ineffective were:
(a) The motion to dismiss filed in this cause on September 14, 1984 was never called to the attention of the court, even though the same was meritorious;
(b) The issue of former jeopardy raised in the affidavit for continuance filed in this cause on October 5, 1985 was never developed or presented to the court, even though same was, and is, meritorious;
(c) The value of the ring in question was never questioned by defense counsel;
(d) Witnesses who were available and willing to testify on behalf of defendant were not allowed to testify. The majority opinion does not address this assignment.
I conclude that this defendant was not afforded her constitutional right to a fair trial, and would remand for a new trial for reason of introduction of evidence of other crimes.
HAWKINS, P.J., and ROBERTSON, J., join in this dissent.
NOTES
[1] While the record suggests that the evidence was elicited to impeach the witness' testimony under Miss Code Ann. § 13-1-13 (supplemented now by Mississippi Rule of Evidence 609), its obvious impact was to suggest that the defendant, once a criminal, would also act criminally in this case.