734 So.2d 182 (1999)
James COBB A/K/A James Cobb Jr., a/k/a `Pig', Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00133 COA.
Court of Appeals of Mississippi.
January 26, 1999.
*184 Michael G. Thorne, Tupelo, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE McMILLIN, P.J., KING and SOUTHWICK, JJ.
McMILLIN, P.J., for the Court:
¶ 1. James Cobb has appealed his conviction of robbery, raising four issues on appeal. We find the issues to be without merit and affirm Cobb's conviction.

I.

Facts
¶ 2. Cobb, while pretending to be shopping for gold jewelry in a jewelry store, snatched two gold necklaces from the store clerk's hand and fled the store. During his flight, he approached another woman and offered to sell her one of the necklaces for $20. He was later apprehended and gave the police a statement admitting his actions.

II.

The First Issue: The Sufficiency of the Evidence
¶ 3. Cobb charges that the evidence was insufficient to support a conviction of robbery, since there was no proof that he had put the store clerk in fear of some immediate injury as he claims is required by Section 97-3-73 of the Mississippi Code. In essence, he argues that the crime was not one of violence, but was one of mere surprise and, at worst, would be some form of larceny.
¶ 4. Cobb's argument fails to take into account that the robbery statute contains alternative provisions that permit a conviction if property is taken from a person in the person's presence "by violence to his person or by putting such person in fear of some immediate injury...." Miss.Code Ann. § 97-3-73 (Miss. 1994) (emphasis supplied). The store clerk, testifying for the State, claimed that she physically resisted Cobb's efforts to obtain possession of the items of jewelry but that Cobb forced her hand open against her will. Because Cobb did not rely solely on the element of surprise, but used physical force to overcome the clerk's efforts to retain control of the merchandise, we are satisfied that a jury issue was presented on the question of whether Cobb employed the necessary violence to the person of the clerk to constitute the crime of robbery. In that regard, the Mississippi Supreme Court has held that the forcible snatching of property from another, when there is actual resistance or time for resistance, is sufficient evidence of violence to the person to sustain a robbery conviction. Dixon v. State, 169 Miss. 876, 154 So. 290, 291 (1934). In those circumstances where actual violence, is proven, it is unnecessary to delve into the alternative aspect of the statute and demonstrate that the clerk was "in fear of some immediate injury." See Lovern v. State, 30 So.2d 511, 511 (Miss.1947).

III.

The Second Issue: The Admissibility of Cobb's Post-Arrest Statement
¶ 5. According to witnesses for the State, Cobb, after his arrest, waived his right to an attorney and voluntarily admitted his involvement in the taking of the jewelry. However, when the statement was reduced to writing, he refused to sign it. Despite his refusal to sign the statement, the trial court admitted the writing into evidence as an exhibit based on the testimony of the investigating officer who took the statement.
¶ 6. Cobb did not contend at trial, nor does he contend before this Court, that his confession was involuntary. Rather, his contention is simply that he did not make such a confession and that the police officer fabricated the entire contents of the transcribed statement. Cobb testified in *185 an effort to exclude his confession in a hearing held outside the presence of the jury. He admitted that he waived his Miranda rights and agreed to talk to the investigating officer, but said that all he told the officer was that he did not have anything to do with the incident at the jewelry store.
¶ 7. Such testimony does not constitute grounds to exclude the confession if it is contradicted by competent evidence that the statements were, in fact, made. Extrajudicial statements by a criminal defendant, so long as the statements are relevant to the matter being tried, are admissible in evidence. M.R.E. 801(d)(2)(A); Gayten v. State, 595 So.2d 409, 414 (Miss.1992). Once there is credible proof that such a statement was made, evidence of the contents of the statement is admissible. The fact that the defendant denies having made the statement does not affect the threshold question of the admissibility of the purported statement. Rather, the defendant's sole means of combating such damaging proof is to offer evidence that would tend to impeach the testimony of the witness claiming to have heard the statement. Though it is common police practice to reduce a defendant's confession to writing and have the defendant sign it, that is not a necessary prerequisite to the admissibility of such a statement at trial.
¶ 8. Having said that, we are nevertheless satisfied that it was error to introduce the officer's written version of Cobb's statement into evidence as an exhibit since it was never adopted by Cobb. The proper method of introducing Cobb's oral confession, in the absence of an actual recording in some form, would have been for the officer to relate from the stand those things that Cobb told him during the interrogation. To permit the jury, in addition to hearing such testimony from the stand, to have a written version of the statement in the jury room during its deliberations improperly permits too much emphasis to be placed on this evidence. See Scott v. State, 446 So.2d 580, 585 (Miss.1984). Nevertheless, Cobb does not complain of this aspect of his trial and we decline to find it to be plain error requiring reversal. We are satisfied that Cobb's purported confession itself was admissible even in the face of Cobb's vehement assertion that he never made such a confession. Having failed to make the proper objection to the admission of a written recapitulation of his oral statement, Cobb waived any right to complain in that regard. Thus, we find the issue as raised by Cobb to be without merit.

IV.

The Third Issue: Evidence of Other Crimes
¶ 9. Cobb claims that reversible error occurred when Officer McCoy, testifying for the State, injected information that Cobb had been arrested on an attempted robbery charge unrelated to the incident being tried. Cobb argues that this was inadmissible under Rule 404(b) as being evidence of other bad acts admitted solely for the purpose of proving Cobb's character as one likely to commit robbery. M.R.E. 404(b). Officer McCoy's brief reference to Cobb's arrest on another charge was not elicited by the prosecuting attorney. In fact, as soon as Officer McCoy made the statement, the prosecuting attorney was quick to warn McCoy, "Don't go don't go into anything else, but just go on. He was arrested?" Defense counsel interposed no objection and did not move contemporaneously for a mistrial because of the prejudicial nature of McCoy's comment.
¶ 10. The primary duty of this Court is to correct errors occurring at the trial level. One of the fundamental precepts guiding us in our duty is that we generally will not reverse a trial court on a matter which was not presented in the first instance to the trial court for resolution. Duplantis v. State, 644 So.2d 1235, 1247 (Miss.1994). Whether this one statement *186 by Officer McCoy, though clearly inadmissible, was so prejudicial to Cobb's right to a fair trial as to require a mistrial is, at best, a doubtful proposition. But, in all events, it was incumbent on defense counsel to present that issue to the trial court for decision. The trial court is vested with wide discretion to determine the prejudicial impact of improperly admitted evidence and to attempt, if the court thinks it possible, to cure that impact through curative instructions or admonishments to the jury. See, e.g., Reynolds v. State, 585 So.2d 753, 755 (Miss.1991); White v. State, 542 So.2d 250, 254 (Miss.1989); Shoemaker v. State, 502 So.2d 1193, 1195 (Miss.1987). A mistrial is appropriate only if the trial court is satisfied that the prejudicial impact of the evidence is so great that no amount of admonishment or instruction can erase the damage done. Gossett v. State, 660 So.2d 1285, 1290 (Miss.1995).
¶ 11. On appeal, this Court is limited to consideration of whether the trial court abused its discretion in denying a mistrial motion after inadmissible and prejudicial evidence is put before the jury. If no such motion is made, there is no error for this Court to review. We conclude that this issue is procedurally barred because of the defense's failure to timely raise the issue with the trial court.

V.

The Fourth Issue: The Weight of the Evidence
¶ 12. Cobb claims that the jury's verdict is against the weight of the evidence. He balances his denial of any involvement in the crime against the store clerk's identification of him and concludes that the stress associated with the robbery deprived the clerk's testimony of any probative value, thus tipping the evidentiary scale in his favor. Such an argument is, on its face, without merit.
¶ 13. In the first place, Cobb does not address the additional evidence that included a positive identification by another individual who said that Cobb attempted to sell her one of the necklaces shortly after the robbery and Cobb's own extra-judicial statement admitting his involvement in the crime. When there are disputed issues of fact in a criminal proceeding that are critical to the issue of guilt, those issues are submitted to the jury for resolution. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Once the jury has resolved those issues against the defendant, there is no basis for this Court to interfere unless we are satisfied that, based on our independent review of the evidence viewed in the light most favorable to the verdict, that a manifest injustice has occurred. Malone v. State, 486 So.2d 360, 366 (Miss.1986).
¶ 14. Based on our review of the evidence, we are satisfied that no such injustice occurred in this instance. We find nothing so compelling in Cobb's own denial of involvement in the crime that it would lead us to conclude that his testimony outweighed the substantial evidence to the contrary presented by the State.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO THE SENTENCE IN LEE COUNTY CAUSE NUMBER CR97-314 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, KING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.