# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CP-00552-SCT

*ROBERT CALHOUN*

*v.*

*STATE OF MISSISSIPPI*

## CONSOLIDATED WITH
## NO. 2002-CP-00553-SCT

*VICTOR KEARLEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/21/2002 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | PRO SE |
| | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS |
| DISTRICT ATTORNEY: | CLAIBORNE McDONALD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 05/15/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.     After being charged with capital rape, Robert Calhoun pled guilty to the charge of sexual battery and was sentenced to thirty years imprisonment, with ten suspended.[1]  He then filed a petition for post-conviction collateral relief drawn up by writ writer Victor Kearley.  The Circuit Court of Marion County, Mississippi, summarily dismissed the petition as frivolous and sanctioned both Calhoun and Kearley for filing a frivolous pleading.  We find that, while one issue contained in the petition was frivolous, the circuit court should have addressed the merits of the petition, instead of summarily dismissing the rest of the petition and should not have imposed sanctions.

### FACTS

¶2.     Calhoun, who was twenty-three years old at the time of the crime, confessed to raping an eleven-year-old girl.  He admitted that he knew that she was only eleven years old and that he knew that what he did was wrong.  Calhoun underwent extensive psychiatric examinations at the Mississippi State Hospital at Whitfield.  The physicians there gave him a provisional diagnosis of pedophilia and that he "had both a factual and rational understanding of the nature and object of the legal proceedings against him and that he possessed sufficient ability to assist his attorney with his defense," and that "he understood the nature and quality of his crime at the time he committed it and that [he] understood it was wrong."  The physicians concluded that "Calhoun was not mentally retarded, but rather 'somewhat limited intellectually . . . [arising]

---

[1]The charge was reduced on the State's motion.

from development or personality disorder, rather than from a major mental disorder or mental retardation."

¶3.     Calhoun later pled guilty to the reduced charge of sexual battery. The circuit court, citing the pre-sentence report and Calhoun's written confession, sentenced him to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended if Calhoun acquired a GED certificate, underwent a complete evaluation at Whitfield, and complied with any suggested treatment. The suspension was also contingent upon a psychologist's approval.

¶4.     Calhoun filed a motion for post-conviction collateral relief in which he raised the following issues:

> 1.     Whether Miss. Code Ann. § 97-3-95 is ambiguous and unconstitutional on its face. The statute makes no distinction between violent and non-violent actions and deprives an accused of presenting a defense by immunizing "so-called" under-age victims. The statute takes away the right to trial by jury. The under-age victim enticed Calhoun, who was mentally impaired, and therefore should be convicted, not Calhoun.

> 2.     Whether the sentencing schemes under Miss. Code Ann. § 97-3-95 are in violation of the laws of the United States and Amendment 8 to the United States Constitution. Calhoun's sentence was grossly disproportionate to the circumstances of the crime. It was error for the circuit court to consider Calhoun's past sexual behavior with other young girls when he has never been charged with any other crime.

> 3.     Whether the conviction of a legally incompetent defendant violates due process of law. Calhoun is a psychiatric patient and takes "mind altering medication to function in the world and still has problems with being unable to understand the nature of consequences of his actions . . . ." The State did not provide an adequate competency hearing.

> 4.     Whether Calhoun's counsel was ineffective. Counsel failed to present evidence of Calhoun's incapacity. Counsel told Calhoun if that he pled guilty he would be sentenced to five years, but that if he went to trial on capital rape charges, he would get life imprisonment. Counsel failed to do any pre-trial investigation or any legal research. He

3

failed to present evidence that the victim committed the crime, not Calhoun. Counsel failed to protect Calhoun's right to a speedy trial by requesting several continuances. Counsel failed to interview potential witnesses and failed to present numerous character references to the court. Counsel told Calhoun to lie at the entry of the guilty plea. Counsel failed to object to the harsh sentence. Counsel failed to object to Calhoun's conviction and sentence when Calhoun did not commit any crimes.

5. Whether Calhoun was actually and factually innocent. Calhoun was the actual victim and the victim was the criminal. Calhoun is mentally incompetent and retarded.

6. Whether the guilty plea was knowingly and voluntarily given. Calhoun "could not have given an intelligent or knowledgeable plea. It was coaxed and rehearsed under false pretense of a plea agreement which did not exist."

¶5. The circuit court "summarily dismisse[d]" Calhoun's motion for post-conviction relief, finding that it was frivolous and without merit.

4

## DISCUSSION

### ISSUES PERTAINING TO
### CALHOUN'S CONVICTION AND SENTENCE

**I.     WHETHER CALHOUN'S RIGHT TO DUE PROCESS WAS VIOLATED INASMUCH AS HE WAS INCOMPETENT.**

¶6.     Even though Calhoun claims that he was incompetent, the record shows otherwise.  As stated above, Calhoun underwent two separate psychiatric evaluations prior to the entry of the guilty plea, and he was found to be competent to stand trial and competent to have understood the difference between right and wrong.  Calhoun produces no new evidence to show that the psychiatrists were mistaken in their conclusions.

¶7.     Furthermore, the transcript of the guilty plea shows that Calhoun understood the nature of the charges against him and that he knowingly and voluntarily entered a plea of guilty.  This claim is without merit.

**II.     WHETHER DEFENSE COUNSEL WAS INEFFECTIVE.**

¶8.     The standard for reviewing claims of ineffective assistance of counsel was set forth in *Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  The inquiry under *Strickland* is twofold:  (1) whether defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so (2) whether the defendant was prejudiced by that failure to meet that standard.  *Hansen*, 649 So. 2d at 1259.  Defense counsel is presumed competent, and the burden of

5

proving otherwise rests on the appellant. *Id.* at 1258. The defendant must prove both prongs of the *Strickland* test to succeed. *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990). Our scrutiny of defense counsel's performance is highly deferential. *Hansen*, 649 So. 2d at 1259. With respect to the overall performance of the attorney, his choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within his discretion in planning a trial strategy. *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995).

¶9.    Calhoun claims that defense counsel was ineffective by asking for several continuances, failing to get him out on bond, failing to investigate certain character references, allowing him to plead guilty when he did not understand what he was doing, coercing him to plead guilty by promising a five-year sentence, failing to object to the "harsh" sentence imposed upon him, and failing to develop a defense.

¶10.    The record shows that two continuances were granted on Calhoun's motions - one for Calhoun to undergo a psychiatric evaluation at the Pine Belt Mental Health Center in Hattiesburg and then one for evaluation at Whitfield. When even Calhoun claims that he is incompetent, it is frivolous to claim that he was prejudiced by postponing his trial so that he could undergo psychiatric evaluations.

¶11.    Calhoun cannot show that he was prejudiced in any way by failing to be released on bond. Moreover, during his pre-trial detention, he was sent to Hattiesburg and to Whitfield for necessary psychiatric testing. This claim is without merit.

¶12.    Calhoun does not show what the character references were and how he was prejudiced by counsel's failure to investigate.

¶13.    The transcript of the entry of the guilty plea shows that Calhoun affirmatively stated that no one had made any promises to him regarding his sentence. The circuit court thoroughly questioned him during the entry of the guilty plea and determined that the plea was voluntarily and intelligently given.

¶14.    Calhoun cannot complain that counsel failed to object to the "harsh" sentence he received because the 30-year sentence was within the statutory limits.

¶15.    Finally, Calhoun complains that counsel failed to prepare a defense. We find that counsel's efforts were praiseworthy – getting a capital rape charge reduced to a sexual battery charge in light of the explicit confession given by Calhoun.

¶16.    Calhoun's ineffective assistance of counsel claim is without merit.

### III.    WHETHER CALHOUN'S SENTENCE WAS INDEFINITE.

¶17.    Calhoun complains that ten years of his sentence may be suspended if certain conditions are met. One of these conditions was that an MDOC psychologist approve of Calhoun's release. Calhoun claims that a psychologist's approval directly bears on his incompetence and that the sentence is therefore impermissibly indefinite. He cites *Arnett v. State*, 532 So. 2d 1003, 1012-13 (Miss. 1988), in which the Court held that the only time a trial judge may suspend a sentence is immediately after the defendant is convicted and sentenced.

¶18.    Calhoun misreads *Arnett*, however. *Arnett* stands for the proposition that a trial judge cannot suspend part of a sentence at any time other than the time the conviction is entered and the sentence imposed. Once a defendant begins serving his sentence, a trial judge cannot change that sentence. Making

7

a suspension contingent upon certain conditions is absolutely permissible. A portion of Calhoun's sentence was suspended *during* the imposition of the sentence. This claim is without merit.

### IV. WHETHER CALHOUN'S SENTENCE WAS DISPROPORTIONATE TO THE NATURE OF THE CRIME.

¶19. When a sentence is within the limits fixed by the statute, the sentence cannot be said to be excessive. *Carter v. State*, 450 So. 2d 67, 69 (Miss. 1984). Calhoun was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with ten years suspended. This sentence was well within the statutory limits. Miss. Code Ann. § 97-3-101 (Rev. 2000). This claim is without merit.

### V. WHETHER MISS. CODE ANN. § 97-3-95 IS AMBIGUOUS AND UNCONSTITUTIONAL ON ITS FACE.

¶20. "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617, 74 S. Ct. 808, 812, 98 L. Ed. 989, 996 (1954). A statute so indefinite that it "encourages arbitrary and erratic arrests and convictions" is void for vagueness. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S. Ct. 839, 843, 31 L. Ed. 2d 110, 115 (1972). *See also Colautti v. Franklin*, 439 U.S. 379, 390, 99 S. Ct. 675, 683, 58 L. Ed. 2d 596, 607 (1979).

¶21.    We have previously ruled that Miss. Code Ann. § 97-3-95 (Rev. 2000)[2] is not unconstitutionally vague and that "there is little doubt that Miss. Code Ann. § 97-3-95 gives a person of ordinary intelligence fair notice that appellant's conduct was forbidden." **Roberson v. State**, 501 So. 2d 398, 400 (Miss. 1987). Indeed, Calhoun himself admitted that he knew what he wanted to do was wrong, but he did it anyway. Also, here, as in **Roberson**, "there is no indication from the facts of this case that § 97-3-95 'encourages erratic arrests and convictions.'" **Id.** Calhoun's arrest and conviction were not erratic. The 11-year-old victim reported the sexual act to her teachers at school the next day. Calhoun signed a full confession of his misdeeds. There was more than enough evidence to support an arrest and a conviction. This claim is without merit.

### VI.    WHETHER CALHOUN WAS INNOCENT OF THE CHARGE AGAINST HIM.

¶22.    Calhoun incredibly claims that, since he is incompetent, the eleven-year-old girl engaged in sexual battery on him. In view of the psychiatrists' opinions noted above, it is clear that Calhoun was competent. This issue is frivolous.

### ISSUE PERTAINING TO BOTH CALHOUN AND KEARLEY

### VII.    WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN FINDING THAT CALHOUN'S PETITION WAS FRIVOLOUS AND IN IMPOSING SANCTIONS.

---

[2]Section 97-3-95(1) provides that:

> A person is guilty of sexual battery if he or she engages in sexual penetration with . . . (c) A child under the age of twelve (12) years.

9

¶23. A trial court's finding that a pleading is frivolous is subject to an abuse of discretion standard. *Dock v. State*, 802 So. 2d 1051, 1056 (Miss. 2001). In determining whether a case brought in forma pauperis should be dismissed as frivolous, a court must decide (1) whether the complaint has a realistic chance of success, (2) whether the complaint presents an arguably sound basis in law, and (3) whether the complainant can prove any set of facts that would warrant relief. *Id.; Evans v. State*, 725 So. 2d 613, 677 (Miss. 1997). Pro se parties should be held to the same rules regarding procedure and substantive law as represented parties. *Ivy v. Merchant*, 666 So. 2d 445, 451 (Miss. 1995). Furthermore, the imposition of monetary sanctions against inmates is appropriate. *Ivy v. State*, 688 So. 2d 223, 224 (Miss. 1997).

¶24. We find that most of Calhoun's petition was at least arguable, even though his theory that his incompetence made the 11-year-old girl guilty of sexual battery shocks the Court's conscience. The merits of the other issues raised in the petition should have been addressed and not summarily dismissed. "Though a case may be weak or 'light-headed,' that is not sufficient to label it frivolous." *Leaf River Forest Prods., Inc. v. Deakle*, 661 So. 2d 188, 195 (Miss. 1995) (quoted in *Wilson v. Greyhound Bus Lines, Inc.* 830 So. 2d 1151, 1159 (Miss. 2002)).

## CONCLUSION

¶25. We find that the circuit court erred in summarily dismissing Calhoun's petition for post-conviction relief and in imposing sanctions upon Calhoun and Kearley, but that the dismissal was harmless in view of the fact that the petition's claims are without merit and/or frivolous. We therefore affirm the dismissal of the petition and reverse and render the imposition of sanctions.

10

**¶26.    AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. McRAE, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**