GRIFFIS, J„
 

 for the Court:
 

 ¶ 1. Archie Bruce was found guilty of two counts of drive-by shooting, in violation of Mississippi Code Annotated section
 
 *1238
 
 97-3-109 (Rev.2006). On appeal, Brace argues that the trial court committed error when it: (1) admitted evidence about the car wreck which occurred after the alleged drive-by shooting, (2) admitted photographs of the bullet holes in Tracy Wide’s car, (3) admitted a prior statement made by Bruce, and (4) excluded Bruce’s grandmother’s testimony about his character. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On December 6, 2005, shortly after midnight, Brace was driving his Ford Explorer. He came to an intersection, and he pulled into the left turn lane next to a Ford Taurus. The Taurus was driven by Anthony Allen. Wide
 
 [1]
 
 was a passenger in the Taurus.
 

 ¶ 3. On December 6th, Wide was in a romantic relationship with Allen. She previously had been in a relationship with Bruce. Bruce bought the Taurus for Wide. Bruce and Wide were the parents of three children. In fact, at the time of this incident, Wide was pregnant with her fourth child fathered by Bruce. Nevertheless, Wide and Bruce did not live together.
 

 ¶ 4. Bruce testified that he pulled alongside the left side of the Taurus and saw Allen driving with Wide in the passenger seat. Bruce claimed that Allen turned his head toward Brace, and it scared him. He grabbed his pistol and pointed it toward the Taurus. He then fired two shots out of his passenger window at the Taurus.
 

 ¶ 5. After the shots were fired, Allen made a right turn. Bruce followed. Allen spotted a police officer and attempted to waive the officer down. He honked his horn and waived his hands. Allen let his foot off the accelerator, and Bruce’s Ford Explorer collided with the rear of the Taurus. The Taurus ran off the road and struck a tree.
 

 ¶ 6. Officer Williams witnessed Brace following closely behind the Taurus. He saw the collision of Bruce’s Explorer and the Taurus. Officer Williams called for backup. Officer Ramel Matthews arrived at the scene and took photographs of the broken windshield and bullet holes in the left side of the Taurus.
 

 ¶ 7. That evening, Bruce signed a
 
 Miranda
 
 waiver and spoke to Officer Matthews. Officer Matthews asked Brace a series of questions. Officer Matthews prepared a statement that consisted of his questions and Brace’s responses. Bruce read and signed the statement.
 

 ¶ 8. Bruce was found guilty of both counts of drive-by shooting and sentenced to serve twelve years on each count in the custody of the Mississippi Department of Corrections.
 

 ANALYSIS
 

 1. Whether the trial court erred in allowing evidence of the car wreck.
 

 ¶ 9. Bruce contends that evidence of the car wreck and photographs of a broken windshield were not relevant and that the prejudicial effect of this evidence substantially outweighed its probative value, violating Rule 403 of the Mississippi Rules of Evidence. Bruce argues that the car wreck was evidence of “other crimes or bad acts.” Thus, Bruce claims that when evidence of other crimes or bad acts are offered as evidence under Rule 404(b) of the Mississippi Rules of Evidence, such evidence may not be admitted unless it also passes the so-called Rule 403 filter.
 

 ¶ 10. Mississippi Rule of Evidence 404(b) provides:
 

 
 *1239
 
 Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 

 ¶ 11. When a trial court determines that potentially prejudicial evidence possesses sufficient probative value, it is within the court’s sound discretion whether or not to admit the evidence, “since Rule 403 does not mandate such an exclusion but rather states that the evidence may be excluded.”
 
 Baldwin v. State,
 
 784 So.2d 148, 156 (¶ 27) (Miss.2001). “The task of an appellate court in reviewing such a determination is not to conduct its own de novo Rule 403 balancing, but simply [to] determine whether the trial court abused its discretion in weighing the factors and in admitting or excluding the evidence.”
 
 Jones v. State,
 
 904 So.2d 149, 152 (¶ 7) (Miss.2005).
 

 ¶ 12. The supreme court has held that “even though it may reveal other crimes, evidence or testimony may be given in order to tell a rational and coherent story of what happened and where it is substantially necessary to present a complete story.’ ”
 
 Flowers v. State,
 
 773 So.2d 309, 319 (¶ 28) (Miss.2000) (citing M.R.E. 404(b);
 
 Mackbee v. State,
 
 575 So.2d 16, 27-28 (Miss.1990)). The supreme court has further held that evidence of another crime is “also admissible if it sheds light upon the motive or if it forms a part of a chain of facts intimately connected so that in order to interpret its general parts, the whole must be heard.”
 
 McGowen v. State,
 
 859 So.2d 320, 332 (¶ 38) (Miss.2003) (quoting
 
 Flowers,
 
 773 So.2d at 319 (¶ 28)).
 

 ¶ 13. Bruce’s counsel moved to exclude any evidence about the car wreck. Bruce sought to exclude the testimonies of Officer Williams and Allen, along with the photographs taken after the wreck of the Taurus.
 

 ¶ 14. The trial court found that the wreck was “part of that continuous transaction of events that took place” and that allowing evidence of the car wreck did not cause undue prejudice. After reviewing the record, we are satisfied that the trial court weighed the probative value of this evidence against the potential for undue prejudice. The trial court did not abuse its discretion. We find that this issue is without merit.
 

 2. Whether the trial court erred in admitting photographs of the bullet holes in the Taurus.
 

 ¶ 15. Bruce next argues that the admission of the photographs of the bullet holes caused him undue prejudice and denied him a fair trial. The State responds that the photographs were probative evidence and were submitted to corroborate other testimony presented at trial.
 

 ¶ 16. The photographs at issue were of the bullet holes on the outside in the front driver’s door. Bruce contends that these photographs are prejudicial because there is no proof that the bullet holes came from his gun on that night.
 

 ¶ 17. “Photographs of the crime scene are generally admissible, and ‘some probative value’ is the only requirement for the admission of photographs, absent a clear showing of unfair prejudice to the objecting party outweighing their probative value.”
 
 Selders v. State,
 
 794 So.2d 281, 285 (¶ 19) (Miss.Ct.App.2001). Generally, if the photographs are used to supplement a witness’s testimony, the photographs have probative value.
 
 Id.
 
 Rulings on the admission or exclusion of photo
 
 *1240
 
 graphs are reviewed under an abuse-of-discretion standard.
 
 Id.
 

 ¶ 18. Here, Bruce failed to make a clear showing of how admitting the photographs would cause him undue prejudice. The photographs corroborated Allen’s testimony which was that Bruce fired gunshots at Wide and him.
 

 ¶ 19. We find that the trial court did not abuse its discretion in admitting the photographs. Accordingly, this issue is without merit.
 

 3. Whether the trial court erred in admitting a prior statement made by Bruce.
 

 ¶ 20. At trial, Bruce’s counsel asked the court to exclude Bruce’s prior statement to Officer Matthews because it was incomplete. Bruce cites
 
 Cobb v. State,
 
 734 So.2d 182, 185 (¶ 8) (Miss.Ct.App.1999), which held that “it was error to introduce the officer’s written version of [the defendant's statement into evidence as an exhibit since it was never adopted by [the defendant].”
 

 ¶21. This case is distinguishable from
 
 Cobb.
 
 In
 
 Cobb,
 
 this Court addressed the admissibility of a disputed confession. James Cobb was accused of robbing a jewelry store.
 
 Id.
 
 at 184 (¶ 2). Cobb moved to suppress an oral confession made after his arrest.
 
 Id.
 
 at (¶ 5). Cobb did not challenge the voluntariness of the statement.
 
 Id.
 
 at (¶ 6). What he challenged was the content of the statement.
 
 Id.
 
 at 184-85 (¶ 6). Cobb claimed that he told the police that he did not commit the robbery.
 
 Id.
 
 at 185 (¶ 6). The State claimed that he had admitted robbing the store.
 
 Id.
 
 at 184 (¶ 5). When police typed this confession, Cobb refused to sign it.
 
 Id.
 

 ¶ 22. This Court held that, “such testimony does not constitute grounds to exclude the confession if it is contradicted by competent evidence that the statements were, in fact, made.”
 
 Id.
 
 at 185 (¶ 7). “Once there is credible proof that such a statement was made, evidence of the contents of the statement is admissible.”
 
 Id.
 

 ¶ 23. The mere fact that Bruce disputes the content of the statement is not a sufficient basis to exclude it. Rather, we must determine if there was credible proof that such a statement was made. If so, the statement is admissible.
 

 ¶ 24. At the suppression hearing, Officer Matthews testified that he took Bruce’s statement after Bruce read, understood, and signed the
 
 Miranda
 
 form. Officer Matthews asked Bruce questions and then he typed Bruce’s responses. Bruce signed the statement after it was completed.
 

 ¶ 25. From the record, there was sufficient support for the trial court’s conclusion that the statement was, in fact, complete and voluntary. Bruce had the opportunity to change his statement when he read it. However, Bruce read it, made no changes, and signed the statement. Bruce’s counsel was allowed to cross-examine Officer Matthews and to present his version of his statement. Accordingly, we find that the trial court’s admission of the statement was not an abuse of discretion.
 

 i. Whether the trial court erred when it did not allow Bruce to call his grandmother as a character witness.
 

 ¶ 26. The trial court excluded Bruce’s grandmother’s testimony as to his reputation. “The standard of review regarding the admission or exclusion of evidence is abuse of discretion.”
 
 Yoste v. Wal-Mart Stores, Inc.,
 
 822 So.2d 935, 936 (¶ 7) (Miss.2002). In general, character evidence is inadmissible to show that the person acted in conformity with it on that
 
 *1241
 
 particular occasion. M.R.E. 404. However, character evidence is admissible if it is “[e]vidence of a pertinent trait of his character offered by an accused.” M.R.E. 404(a). Evidence is limited to testimony about the defendant’s general reputation.
 
 Winters v. State,
 
 449 So.2d 766, 768 (Miss.1984). Accordingly, the trial court could have admitted the grandmother’s testimony as to Bruce’s reputation.
 

 ¶ 27. Despite the trial court’s ruling, we find that any error in the trial court’s excluding Bruce’s grandmother’s statement into evidence was harmless. The supreme court has held that:
 

 The basic test for harmless error in the federal constitutional realm ... is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained .... [T]he inquiry is not whether the jury considered the improper evidence or law at all, but rather, whether that error was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.
 

 Thomas v. State,
 
 711 So.2d 867, 872-73 (¶ 25) (Miss.1998) (internal citations and quotations omitted). The trial court allowed the grandmother to proffer her statement for the record. She stated that Bruce had never been violent to her, and as far as she knew, he had never been violent.
 

 ¶ 28. The exclusion of the testimony was harmless when compared to the overwhelming evidence of guilt contained elsewhere in the record. -Mississippi Code Annotated section 97-3-109(1) provides:
 

 A person is guilty of a drive-by shooting if he attempts, other than for lawful self-defense, to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle.
 

 The jury heard Bruce admit that he had fired shots out of his automobile in the direction of the Taurus, while Wide and Allen were in it. Bruce admitted that he shot his pistol at the Taurus because he was trying to protect Wide. Allen testified that he and Wide were headed to a hotel to sleep and that Wide was safe. No evidence was admitted showing that Wide was in danger.
 

 ¶ 29. Even with the grandmother’s statement, there was overwhelming evidence showing that Bruce shot his pistol at the Taurus while Bruce was in his vehicle. Thus, the trial court’s excluding the grandmother’s statement from evidence was harmless error and does not require reversal of Bruce’s convictions.
 

 ¶ 30. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF DRIVE-BY SHOOTING AND SENTENCE OF TWELVE YEARS FOR EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 . At the time of the trial, Ms. Wide was known as Tracy Bruce. Tracy and Archie Bruce married between this incident and the trial.